IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GRECIA ESTATE HOLDINGS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**FACEBOOK, INC.,**<br><br>Defendant. | Civil Action No.:  6:21-cv-00677<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Grecia Estate Holdings LLC ("Grecia" or "Plaintiff") hereby brings this action for patent infringement against Facebook Inc. ("Facebook" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,402,555, titled "Personalized digital media access system (PDMAS)" (the '555 Patent), attached hereto as Exhibit A.

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

**PARTIES**

3. Plaintiff Grecia Estate Holdings LLC is a Limited Liability Company with a principle place of business in Austin, TX.

4. On information and belief, Facebook Inc. is a Delaware corporation, having its principal place of business in Menlo Park, California. Defendant may be served by its

registered agent the Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and Western District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant has a regular and established place of business in the State of Texas and in this district, specifically: **300 W. Sixth St, Austin, TX Austin, TX 78701**.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Western District of Texas including but not limited to the products which contain the infringing '555 patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas

and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1400(b). Defendant has a regular and established place of business in this district, Defendant has transacted business in this district, and Defendant has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. On March 19, 2013, United States Patent No. 8,402,555 was duly and legally issued by the United States Patent and Trademark Office. The '555 Patent is titled "Personalized digital media access system (PDMAS)."

10. Grecia Estate Holdings LLC is the owner of '555 Patent and has all right, title and interest in the '555 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '555 Patent. Accordingly, Grecia possesses the exclusive right and standing to prosecute the present action for infringement of the '555 Patent by Defendant.

11. The parent application leading to the '555 patent was filed on March 21, 2010.

12. The present invention relates to the field of access rights management schemes used by creators of electronic products to protect commercial intellectual property copyrights privy to illegal copying using computerized devices. (Ex. A, at 1:19-22.) More specifically, the present invention teaches a more personal system of digital rights management which employs electronic ID, as part of a web service membership, to manage access rights across a plurality of devices. (Ex. A at 1:22-26.)

13. At the time the '555 patent was filed, there existed various problems in traditional Digital Rights Management (DRM) systems. Previous systems and methods suffered from a few notable shortcomings. For example, in previous systems, in some cases content can terminate access after a set amount of time, or the process can break if the provider of the DRM server ever ceases to offer services. (Ex. A at 1:51-53.) The inventions disclosed in the '555 patent addressed such problems and discloses the world's first "Access Management System" which in 2010 were not well-understood, routine, or conventional.

## ACCUSED PRODUCTS

14. Defendant makes, uses, offers for sale and sells in the U.S. and to 2.8 billion active users globally, products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Messenger app and Facebook Pay (collectively, the "Accused Product" or "Accused Instrumentality").

## COUNT I
## (Infringement of U.S. Patent No. 8,402,555 Claim 16)

15. Plaintiff incorporates the above paragraphs herein by reference.

16. The '555 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 19, 2013. The '555 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

17. Plaintiff is the owner of the '555 patent and possesses all rights of recovery under the '555 patent, including the exclusive right enforce the '555 patent and pursue lawsuits against infringers.

18. Without a license or permission from Plaintiff, Defendant has infringed and continues to infringe Claim 16 of the '555 Patent by making, using, offering for sale, or

4

selling products and devices that embody the patented invention, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

19. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

20. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe Claim 16 of the '555 Patent by making, using, offering for sale, or selling products, systems, and/or services that embody the patented invention, in violation of 35 U.S.C. § 271.

21. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of Claim 16 of the '555 Patent, for example, internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

22. By way of example, Defendant has infringed and continues to infringe Claim 16 of the '555 Patent. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 16 of the '555 Patent.

23. Claim 16 of the '555 patent is a computer product: "A computer program product for use with a computer, the computer program product comprising a non-transitory computer usable medium having a computer readable program code stored therein for monitoring access to an encrypted digital media, the method facilitating interoperability between a plurality of data processing devices, the computer program product performing the steps of . . . ." ('555 patent, col. 16:46-52.)

12. Facebook Pay offers its customers a way to make and receive contactless payments digitally. The Accused Products includes code that facilitates monitoring access to the Facebook Pay account holder's digital money.

13. The Claim 16 product has the capability of "receiving an encrypted digital media access branding request from at least one communications console of the plurality of data processing devices, the branding request being a read or write request of metadata of the encrypted digital media, the request comprising a membership verification token provided by a first user, corresponding to the encrypted digital media . . . ." ('555 patent, col. 16:53-59.)

14. The Facebook Pay computer program product is capable of associating a Facebook account identifier with a Facebook Pay QR identifier.

15. Claim 16's product is capable of "authenticating the membership verification token, the authentication being performed in connection with a token database . . . ." ('555 patent, col. 16:60-62.) The Facebook Pay computer program product is capable of receiving an access request by receiving and authenticating a membership verification token (PayPal account or Debit and Credit Card number) through the Facebook Pay communications console (Mobile App).

16. Claim 16: "establishing a connection with the at least one communications console wherein the communications console is a combination of a graphic user interface (GUI) and an Application Programmable Interface (API) protocol wherein the API is related to a verified web service, the verified web service capable of facilitating a two way data exchange to complete a verification process . . . ." ('555 patent, cols. 16:63-17:2.)

17. The Facebook Pay computer program product is capable of establishing an API communication related to the Facebook Pay QR provisioning API.

18. Claim 16 is a product with the capacity of "requesting at least one electronic identification reference from the at least one communications console wherein the electronic identification reference comprises a verified web service account identifier of the first user; receiving the at least one electronic identification reference from the at least one communications console . . . ." ('555 patent, col. 17:3-8.)

19. The Facebook Pay computer program product is capable of requesting and receiving a QR code identifier from the Facebook Pay QR provisioning API web service.

20. Claim 16's product includes the capacity for "branding metadata of the encrypted digital media by writing the membership verification token and the electronic identification reference into the metadata."

21. The Facebook Pay computer program product is capable of writing the association of the membership verification token (PayPal account or Debit and Credit Card number) and the Facebook Pay QR Identifier to the Facebook Pay Computer Product metadata.

22. Claim 16, "wherein the membership verification token comprises at least one token selected from a group consisting of a purchase permission, a rental permission, or membership permission coupled to a royalty scheme; wherein the permission is represented by one or more of a letter, number, combination of letters and numbers, phrase, authorization, list, interface button or an instrument of trade for access rights of the encrypted digital media." ('555 patent, col. 17:12-22.)

23. The Facebook Pay computer program product is capable of associating a Facebook account identifier with a Facebook Pay QR identifier. The Facebook Pay computer program product is capable of a per transaction based pricing model (royalty scheme). The Facebook Pay "purchase" permission is represented by a QR code e.g., "letter and numbers and Instrument of Trade".

### Plaintiff Suffered Damages

24. Defendant's acts of infringement of the '555 Patent have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Plaintiff's exclusive rights under the '555 Patent will continue to damage Plaintiff causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

### REQUEST FOR RELIEF

WHEREFORE, Grecia Estate Holdings LLC prays for the following relief against Facebook Inc.:

(a) Judgment that Facebook Inc. has directly infringed Claim 16 of the '555 patent;

(b) For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For injunctive relief, including a preliminary injunction; and

(e) For such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Grecia Estate Holdings LLC demands a trial by jury on all matters and issues triable by jury.

                                          Respectfully Submitted,

Date:  June 28, 2021                   */s/Artoush Ohanian*_____
                                              H. Artoush Ohanian
                                              Texas State Bar No. 24013260
                                              artoush@ohanianip.com

                                              OHANIANIP
                                              604 West 13th Street
                                              Austin, Texas 78701
                                              (512) 298.2005 (telephone & facsimile)

                                              Matthew M. Wawrzyn (*pro hac vice pending*)
                                              matt@wawrzynlaw.com
                                              WAWRZYN LLC
                                              200 East Randolph Street, Suite 5100
                                              Chicago, IL 60601
                                              (312) 235-3120 (telephone)
                                              (312) 233-0063 (facsimile)

                                              *Counsel for Grecia Estate Holdings LLC*